NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYNTHIA MAUREEN JOHNSON,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3064

---

Petition for review of the Merit Systems Protection Board in No. DC0831E120305-I-1.

---

Decided: September 16, 2013

---

CYNTHIA MAUREEN JOHNSON, of Woodbridge, Virginia, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before RADER, *Chief Judge*, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Cynthia Johnson appeals from a decision of the Merit Systems Protection Board that affirmed the Office of Personnel Management's denial of her claim for a disability-retirement annuity. We affirm.

BACKGROUND

Ms. Johnson worked for many years at the Department of Defense. At some point she took a disability retirement. Apparently, she recovered sufficiently to return to work, and in 2006, she took a job with the Department of the Navy. She remained in that position until 2011, when the agency rescinded her security clearance and, as a result, suspended her employment. The agency formally removed her from employment in August 2012.

On August 23, 2011, soon after her indefinite suspension, Ms. Johnson applied for authorization to retire based on disability, citing sciatic nerve and back conditions. OPM denied her application in November 2011. After considering her medical information as well as statements from her supervisor and her agency human resources officer, OPM found that she did not meet the eligibility criteria for disability retirement because, for example, she had not established that her conditions made her wholly unable to work, even if the agency made reasonable accommodations for her conditions. Ms. Johnson requested reconsideration, but OPM concluded that its initial denial was correct.

Ms. Johnson appealed to the MSPB. She pointed out that she had previously been awarded disability retirement and stated that she had reinjured herself. In May 2012, an administrative judge affirmed OPM's decision

disallowing her application. The judge concluded that there was "not enough evidence that [Ms. Johnson] suffers from medical conditions that would disable her and limit her ability to work" and that she had "consistently proven to be a hard worker who excels in her position" despite any pain that she was experiencing.

Through counsel, Ms. Johnson filed a petition for review to the full Board, asking it to consider recently obtained MRI results and her doctor's interpretation of those results. The Board denied her petition in January 2013. The Board found "no basis to disturb" the administrative judge's findings and conclusions because Ms. Johnson had not challenged them. As for the newly submitted medical records, the Board held that, even if the documents were "new" evidence—*i.e.*, evidence that, despite diligence in seeking it, was unavailable before the administrative record was closed—those medical records did not warrant a different outcome. Ms. Johnson appeals.

## DISCUSSION

When an employee seeks disability-retirement benefits under the Civil Service Retirement System, the governing statute gives OPM the responsibility to "determine questions of disability," and with limited exceptions that include administrative review in the MSPB, the OPM decision on the question is "final and conclusive and . . . not subject to review." 5 U.S.C. § 8347(c). The Supreme Court has interpreted that statutory provision to mean that "the factual underpinnings of § 8347 disability determinations may not be judicially reviewed," but that "review is available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985) (citation and internal quotation marks omit-

ted).   In other words, this court "cannot review issues related to evidentiary sufficiency or to minor legal errors," but "we can review claims of serious legal error in the course of the proceedings." *Reilly v. Office of Pers. Mgmt.*, 571 F.3d 1372, 1377-78 (Fed. Cir. 2009); *see also Vanieken-Ryals v. Office of Pers. Mgmt.*, 508 F.3d 1034, 1038 (Fed. Cir. 2007).

Ms. Johnson alleges no serious legal error in the proceedings on her claim.   Although she contends that the Board applied the wrong law, she provides no explanation or reasoning to support that assertion.   She states that she had disability-retirement status previously, that OPM knew about her prior status when the Navy hired her in 2006, and that she again needs the income from a disability-retirement annuity.   Nothing in those contentions identifies or implies any fundamental legal error that we could review.   Moreover, the record on its face indicates that both OPM and the MSPB considered all of the evidence presented under well-settled legal principles for determining whether an individual is entitled to a disability-retirement annuity.   OPM and the MSPB concluded that Ms. Johnson had not made out a valid claim.   We have no basis for reversing the Board.

No costs.

**AFFIRMED**